**CRITERION 508 SOLUTIONS, INC., Plaintiffs,**

v.

**LOCKHEED MARTIN SERVICES, INC., Defendant.**

**No. 4:07–CV–00444.**

United States District Court, S.D. Iowa, Central Division.

Dec. 23, 2008.

---

Gordon R. Fischer, Bradshaw Fowler Proctor & Fairgrove, Des Moines, IA, for Plaintiffs.

David A. Tank, Jodie Lynn Clark, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, for Defendant.

## ORDER

CELESTE F. BREMER, United States Magistrate Judge.

This matter comes before the Court on Defendant's Resisted Motion to Dismiss brought pursuant to Fed.R.Civ.P. 37, or for other sanctions for failure to cooperate in discovery (Clerk's No. 47). Hearing was held December 18, 2008. Appearing were Gordon Fischer, David Tank and Jodie Clark. After reviewing the pleadings and hearing arguments of counsel, the Court finds that the Motion should be denied, but that pretrial deadlines should be extended. This extension of time for discovery and to submit dispositive motions will result in a continuance of the Final Pretrial Conference and Trial dates, which will be reset by later order.

## PROCEDURAL HISTORY

This case was filed in the Iowa District Court for Polk County on August 30, 2007, and removed to this court on September 28, 2007. Anna Bradley is the President of Criterion 508 Solutions, Inc. (Criterion). Criterion asserts claims against Lockheed Martin Services, Inc. (LMS) that are centered around work that a former contractor of Criterion (Angy Brooks) performed for former Defendant Global Commerce and Information (Global) and LMS. Criterion's claims include intentional interference with contract; conspiracy to breach fiduciary duties; defamation; fraud; misappropriation of trade secrets; copyright infringement; negligence and unjust enrichment. There has been other litigation in state court involving these, or related, parties.

In the original action, brought in state court, Defendant was named as Lockheed Martin Corporation a/k/a Lockheed Martin Information Technology, which filed an Answer in this Court on October 31, 2007, admitting that it employed Brooks at certain times (Clerk's No. 5). On February 1, 2008, the parties filed a stipulation for an order to change the case caption, stating that based upon information provided by Defendant, Plaintiff made the decision to change the caption, substituting Lockheed Martin Services, Inc. (LMS) for Lockheed Martin, Corporation, a/k/a Lockheed Martin Technology (Clerk's No. 9); the Order allowing the Amended Complaint was entered February 5, 2008, (Clerk's No. 10). After the Amended Complaint was filed, an Answer was filed on behalf of Defendant Lockheed Martin Services, Inc., indicating that this entity had employed Brooks at certain times. (Clerk's No. 12). A Second Amended Complaint was filed March 24, 2008, (Clerk's No. 17) and an Answer (Clerk's No. 18) was filed April 9, 2008, by Defendant (LMS). The Second Amended Complaint also added Defendant Global; this Defendant was later dismissed without prejudice by stipulation of the parties on June 19, 2008 (Clerk's No 33). This Stipulation of Dismissal as to the Iowa claims against Global was later modified on July 2, 2008 (Clerk's No. 40).

Discovery proceeded under a Stipulated Protective Order, entered March 14, 2008 (Clerk's No. 14) by agreement of Plaintiff and Defendant Lockheed Martin Corp a/k/a Lockheed Martin Information Technology. Defendant LMS filed a Motion to Compel discovery from Plaintiff on May 30, 2008 (Clerk's No 26), which was resisted (Clerk's No. 38), and then was withdrawn on July 14, 2008, (Clerk's No. 42), as the parties had resolved the discovery dispute. By agreement of the parties, the discovery deadline

was extended twice, ultimately to December 22, 2008; and the dispositive motion deadline was also continued twice, ultimately to December 22, 2008. In the Scheduling Order entered January 8, 2008 (Clerk's No. 8) the trial was set for April 20, 2009; Final Pretrial Conference was set for 10:30 a.m. on April 7, 2009, the parties did not move to continue these dates.

In the first half of 2008, Plaintiff propounded written discovery requests to Defendant LMS. Over the summer of 2008, the progress of discovery fell apart. On July 31, 2008, counsel for Plaintiff contacted counsel for Defendant regarding clarification of answers to Plaintiff's Request for Production of Documents. Plaintiff maintains that these responses contained the first disclosure from Defendant that LMS was not the appropriate defendant, but that an appropriate defendant might be one of approximately 250 affiliated Lockheed entities. Defendant points to communication between counsel on January 15, 2008, that clarifies the status of relevant parties, at the time the stipulation for re-captioning the case was entered into, and which explains the relationship Criterion's former employee had with differing Lockheed entities. Plaintiff elected to identify LMS as the appropriate Defendant in this case. Discussions between counsel on the issue of whether discovery requests directed to LMS provided a duty to conduct a broader search of other Lockheed entities continued into August 2008; by then Defendant included in its supplemental answers to Requests for Production of Documents the statement that its responses were only on the part of Defendant LMS, and not Lockheed Martin Corporation or any subsidiary.

Before this disagreement as to the proper identification of the named defendant reached impasse, counsel discussed scheduling Anna Bradley's deposition, and agreed to conduct it on August 1, 2008. Defendant sent a Notice of Deposition for that date; due to scheduling conflicts, the deposition was continued until August 20, 2008, and then September 11, 2008. On August 29, 2008, after being frustrated by the lack of stipulation as to the identification of any additional Lockheed subsidiaries for discovery, or to be added as parties, Plaintiff's counsel unilaterally cancelled the September 11, 2008, deposition. Defendant maintained that Plaintiff should pursue discovery from third-parties (Lockheed entities not named as Defendants). No party filed any motion requesting relief regarding this deposition notice, such as a Motion to Quash, a Motion for Protective Order, or a Motion to Compel. Neither party asked for the Court's intervention by way of a discovery management conference. Discussions between counsel continued. At the end of September 2008, Defendant's counsel again attempted to get an agreement from Plaintiff's counsel to reschedule the deposition of Bradley. Defendant sent a Notice of Deposition, scheduling it for October 28, 2008, at the offices of Plaintiff's counsel. On October 2, 2008, Plaintiff's counsel sent an email to Defendant's counsel, stating clearly that because Plaintiff felt that discovery issues were still outstanding, Bradley would not appear for this deposition, until the matter of identity of the proper defendant was resolved. Plaintiff's counsel told Defendant's counsel to "take whatever steps you deem necessary. But the deposition will simply not happen until your client comes through with appropriate discovery requests." Defendant disagreed that it had directed Plaintiff's choice of Defendant, or that Plaintiff's discovery requests should be construed to cover all Lockheed entities, instead of LMS. Plaintiff's counsel asked for a meeting in person with Defendant's counsel to discuss the identity of the appropriate Defendant, in light of the disagreement on this issue, particularly in light of what Plaintiff's counsel felt had been a stipulation as to identity when the Amended Complaint was filed. This meeting did not occur. Telephone calls between counsel did not resolve or narrow this dispute. Again, neither party filed a Motion to Quash, Motion for Protective Order, Motion to Compel, nor asked the Court in any way for assistance to resolve the discovery dispute, formally or informally.

On October 16, 2008, Plaintiff filed another suit in the Iowa District Court for Polk County against seven different Lockheed Martin entities; this suit does not include LMS.

On October 28, 2008, Defendant's counsel appeared at Plaintiff's counsel's office at 9:30 a.m., for the deposition that he knew would not occur, and made a record that neither Plaintiff's counsel nor Bradley were there; the record concluded at 9:37 a.m. Defendant's Motion for Sanctions was filed October 31, 2008. After the Motion was filed, Plaintiff requested, and received, additional time to respond, and other discovery took place (the deposition of Brooks on December 5, 2008). During discussions about the Motion to Dismiss, Plaintiff's counsel offered to produce Bradley for deposition (first, with certain conditions regarding other discovery and stipulations relating to the identity of the proper defendant, and then an unconditional offer to produce Bradley for deposition the week of December 15, 2008). These offers were declined by Defendant, due to the upcoming hearing on the Motion to Dismiss scheduled for December 18, 2008, and the fundamental disagreement as to the scope of Plaintiff's discovery requests.

Defendant LMS requests that Plaintiff's case be dismissed with prejudice, pursuant to Fed.R.Civ.P. 37(d) for failure to appear at the properly noticed deposition. Alternatively, Defendant requests that as a sanction for failing to participate in this discovery, Bradley's testimony be excluded from trial. Defendant also requests that it be awarded $12,093.00 in fees and $48.00 in costs for the "extensive time and effort required to prepare and file the Motion to Dismiss." Plaintiff resists the imposition of any sanctions, and maintains that it should be awarded its fees and costs for having to resist an unreasonable motion.

## DISCUSSION

Defendant maintains that the appropriate sanction for a party (in this case, the President of Plaintiff) that fails to attend its own deposition is found in Fed.R.Civ.P. 37(d)(1)(a) which provides: "The court where the action is pending may, on motion, order sanctions if: (I) a party or a party's officer, director, or managing agent ... fails, after being served with proper notice, to appear for that person's deposition." The court has also considered Fed.R.Civ.P. 37(d)(2) which

provides: "A failure described in Rule 37(d)(1)(a) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(3) provides that types of sanctions for failing to attend a deposition can include those listed in Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi), which are: designating certain facts to be deemed admitted; prohibiting a disobedient party from introducing designated evidence; striking pleadings in whole or in part; staying proceedings until a discovery order is obeyed; dismissing an action or entering a default judgment; or treating as contempt of court the failure to obey an order relating to discovery. Fed.R.Civ.P. 37(d)(3) also provides that "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

■ In this case there was a good faith dispute about pending discovery requests from Plaintiff to Defendant. The nature of this dispute, and how it arose (and the need to properly identify the correct defendant) caused Plaintiff and its counsel to take the extraordinary step of declaring that Plaintiff's officer, Anna Bradley, would not attend a properly noticed deposition. This approach was wrong. Plaintiff was required to move for a protective order pursuant to Fed.R.Civ.P. 26(c) if Plaintiff wanted an order forbidding the discovery, or changing the time and place of the discovery. Further, Plaintiff chose to ignore Fed.R.Civ.P. 26(d)(2) that provides: "Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interest of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." So Plaintiff elected to create its own protective order, holding the deposition of Bradley hostage until Defendant would agree to stipulate to the identity of the correct defendant, and provide further information. Ultimately, on December 4,

2008, Plaintiff agreed to produce Bradley for deposition, but Defendant declined the offer. About six weeks of pretrial discovery time was lost due to parties digging in their heels, and refusing to move toward the "just, speedy, and inexpensive determination of every action and proceeding," as required by Fed.R.Civ.P. 1.

■ Defendant complains bitterly about Plaintiff's decision not to appear at the deposition, and argues that any remedy short of dismissal is not only both unfair and unjust, it rewards Plaintiff for ignoring the Rules of Civil Procedure. While I do not agree with Plaintiff's approach to solving the problems relating to the discovery issues, the Motion to Dismiss represents the first opportunity the parties have given me to engage in discovery management (the previous Motion to Compel was withdrawn by Defendant). Before requesting the ultimate sanction of dismissal, or the nearly equivalent sanction of barring the testimony of Bradley, once Defendant was placed on notice (October 2, 2008) that Plaintiff was taking the position that Bradley would not be produced for the deposition, a just, speedy, and inexpensive way to resolve this dispute would have been for Defendant to file a motion pursuant to Fed.R.Civ.P. 16(a) and request a conference with the court. Fed.R.Civ.P. 16(a) allows for pretrial conferences for such purposes as: "(1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; and (3) discouraging wasteful pretrial activities...." Local Rule 16(f) also provides that "nothing in this rule precludes the parties from requesting a scheduling or planning conference with the magistrate judge at any time." Asking for a conference call to discuss the scheduling of

Bradley's deposition, and if necessary, the sequencing of the discovery, would have been the most efficient method to resolve a discovery dispute that resulted in counsel entrenching their positions, and gearing up for battle.[1]

In July, August, September, and October 2008, this case needed discovery management by the court or some other third-party, which could not be delivered, because no one asked for it. Defendant was not the only party that could have arranged for a discovery conference. Plaintiff easily could have, and should have, at a minimum, filed a Motion for Protective Order pursuant to Fed. R.Civ.P. 26(c) in order to postpone the appropriately-noticed deposition of Bradley, if its concerns about sequencing of discovery were valid.

Apparently neither party felt the deposition of Bradley was necessary to complete before the deadline for dispositive motions. Defendant did not argue that it was prejudiced by not having the deposition of Bradley, it only argues that it wanted it, was entitled to it, and did not get it, pursuant to the notice. In its motion, Defendant complains that discovery has been "stymied," but apparently was willing to make the strategic decision that a Motion to Dismiss would be an acceptable discovery plan, rather than asking for a discovery conference. At the hearing, Defendant's counsel stated that he had a Motion for Summary Judgment ready to file, but that he would prefer to have the deposition of Bradley and any follow-up discovery that entailed; however, he did not want to agree to an extension of time for the discovery, an extension of time for filing the dispositive motion, and the resulting extension of time for trial, in order to allow sufficient time to take the dispositive motion un-

---

1. When I asked at the hearing "how did we get to DEFCON 5," I didn't realize that I was working the DEFCON progressive numbering system backwards. For an explanation of the DEFCON system, see Federation of American Scientists, DEFCON DEFense CONdition—United States Nuclear Forces, available at www.fas.org/nuke/guide/usa/c3i/defcon.htm (last visited December 22, 2008). The DEFCON system describes United States military defense readiness conditions, which are graduated to match situations of varying military severity, and indicate increases in combat readiness. It would be good to be at DEFCON 5, which is normal peacetime readiness. I should have asked how we got to DEFCON 1, which is maximum force readiness. During the Cuban Missile Crisis, the United States Strategic Air Command was placed on DEFCON 2; following the September 11, 2001 attacks, the United States went to DEFCON 3. The analogy I was trying to make was an attempt to figure out why Defendant chose the highest and most extreme level of response to an otherwise manageable discovery issue.

der consideration. Although Defendant notes that this lawsuit has been on file for 16 months, and the discovery deadline was set for December 22, 2008, Defendant did not schedule Bradley's deposition until after the suit had been on file for nearly one year (Bradley's deposition was first set for August 1, 2008; the suit was filed August 30, 2007).

IT IS ORDERED that the deposition of Bradley shall be completed by February 2, 2009, and that the deadline for filing the dispositive motions is extended to February 17, 2009. If Defendant determines that additional discovery is required after the deposition of Bradley, it shall file a motion, and set forth a discovery plan, and an indication of whether additional time will be required in order to file the dispositive motion.

 The decision to award sanctions pursuant to Fed.R.Civ.P. 37(d), and the type of sanctions to be awarded for a party's failure to attend its own deposition, is within the court's discretion. The sanction of dismissal, or striking a party's testimony is extreme, and not lightly done. It can occur without providing an opportunity for the party to remedy the default or deficiency in discovery, but that is only in extreme cases, where discovery has essentially been halted. In this case, discovery, although painstaking, has proceeded. In determining the type of sanctions, I look at the hardship on the party seeking discovery (which, in this case, I find to be negligible, considering counsel had three weeks' notice that Bradley was not planning on being present at the deposition, which allowed plenty of time to seek court intervention to secure her presence, rather than showing up to make a record confirming that she was, indeed, not in attendance), and whether the failure to attend substantially delayed the discovery process. The delay in securing Bradley's deposition was brought about as much by Defendant's strategy in electing to proceed with the motion to dismiss as it was by Bradley's choice not to attend, so this factor, too, does not support the sanction of dismissal, but instead supports the remedy of granting additional time to secure the discovery. The outcome would be different if the Court had been involved in discovery management, and then Bradley chose not to attend a planned deposition, or the failure to attend came as a surprise. But that is not the case. The Motion to Dismiss is denied.

Plaintiff argues that Bradley's failure to attend the noticed deposition was "substantially justified" in light of concerns regarding what it contends are Defendant's incomplete discovery responses (Defendant denies that any discovery responses are lacking). If the discovery from Defendant or third-parties was vital to Bradley's testimony, Plaintiff should have taken steps to obtain it, rather than merely sending letters complaining about Defendant's position. As Plaintiff has yet to file a Motion to Compel, those issues are not ripe for my consideration. Plaintiff's discovery was propounded in February, May and June of 2008; Plaintiff did not offer an explanation of why no Motion to Compel has been forthcoming. Local Rule 37(c) provides that "motions to compel must be filed as soon as practicable. In any event, except for good cause shown, motions to compel must be filed within 14 days after the discovery deadline." Until the time of the hearing on the Motion to Dismiss, the discovery deadline was December 22, 2008; thus Motions to Compel were due by January 6, 2009. At the hearing, although I extended the time for discovery relating to Bradley, I shortened Plaintiff's time for filing any Motion to Compel to December 30, 2008, so that we can avoid further delay in addressing issues relating to whatever discovery Plaintiff feels it is missing. Of course, counsel are still required to meet and confer before filing any Motion to Compel, in order to attempt to resolve or narrow discovery disputes. See Local Rule 37(a) and Fed.R.Civ.P. 37(a).

 Although the Motion to Dismiss is denied, Plaintiff's conduct required Defendant to take some action regarding securing Bradley's deposition. Plaintiff argues that an award of fees and costs would be unjust, in light of the disparate resources of the parties, and because Plaintiff tried to resolve the dispute, particularly after the Motion to Dismiss was filed, by finally offering to arrange for the deposition of Bradley. Plaintiff, however, did not move for protective order or other discovery conference before

the October 28, 2008, deposition. Plaintiff also did not offer the unconditional deposition of Bradley until the eve of the hearing on the Motion to Dismiss. Unilateral suspension of the scheduled deposition was not "substantially justified."

■ The amount of fees and costs requested by Defendant is breathtaking. Plaintiff points to the amount of the request as evidence that Defendant did not confer in good faith to resolve or narrow this dispute, as required by Fed.R.Civ.P. 37, and Local Rule 37(a), but instead wanted to force the conclusion of Plaintiff's case on a technicality. A review of the affidavit of fees and costs (Clerks' No. 65) shows that Defendant began work on the research for the Motion to Compel or for Sanctions as of October 3, 2008; this work continued through October 27, 2008, including "pulling prior notices of deposition to make part of the record for tomorrow's deposition."

The work on research and drafting the motion and accompanying brief continued through October 31, 2008; the reply brief consumed additional time in November, and research and analysis of the pleadings continued through December 15, 2008. In all, Defendant's bill of costs, plus time for the hearing, reflects approximately 58.6 hours of attorney time at a cost of $12,654.00, in the following categories:

A. Time spent getting the deposition noticed, and making the record on non-attendance at the deposition (June 23, 2008—October 28, 2008): 1.2 hours at a charge of $305.50, plus $48 in costs for the court reporter and transcript of the October 28, 2008, record of non-appearance. At the hearing, Defendant's counsel indicated that he would withdraw the charge and expense for attending the deposition he knew would not go forward; the other charges are for time that would have been spent had the deposition proceeded as planned, and are not caused by the failure to attend. This portion of the fee and cost claim is denied.

B. Time spent researching Fed.R.Civ.P. 37 and drafting the motion (October 2, 2008—October 30, 2008). Approximately 16.8 hours were spent on research, at a charge of $2685.50, and 12.10 hours were spent on drafting the motion, at a charge of $2396.00, for a total of $5081.50 for this phase. Almost 30 hours of attorney work is a disproportionate amount of time for the nature of the dispute, even in light of the serious and significant request for the sanction of dismissal.

C. After the motion to dismiss was filed, Defendant's bill reflects time preparing a reply, totaling $6117.00 as follows:

1. Time spent communicating with the client or opposing counsel regarding extensions of time to respond: .2 hour @$175 for a charge of $35.00;

2. More research on Fed.R.Civ.P. 37, and reviewing the resistance: 4.4 hours for a charge of $1015.50;

3. Work on the reply brief: research and drafting: 19.9 hours for a cost of $5066.50. Why another 20 hours of research and drafting time was needed is certainly not clear—Defendant's point was that Fed. R.Civ.P. 37(d) entitled it to dismissal, after 30 hours of research and briefing before the motion was filed, another 20 hours was not necessary to further drive that point home; and

D. Preparation for the hearing scheduled for December 18, 2008: 3.2 hours for a total of $776. The hearing lasted 45 minutes; based upon a review of the attorneys' fees, the charge for this time would be $326 for both attorneys representing Defendant. The affidavit of costs only contains time through December 15, 2008; the time spent at the hearing is estimated from the rates charged on the bill submitted for the earlier charges. The total charge for time preparing for, or attending, the hearing is $1102.00.

I cannot find that billing over $12,000 on a motion to dismiss (or to compel) for a deposition that did not occur as scheduled, which Defendant knew would not occur as scheduled, is reasonable. How Defendant's counsel managed to spend nearly 60 hours on this exercise is beyond me. At the hearing, counsel waived the time and expense of attending the non-deposition. I find that an award of $ $2500 is a reasonable amount of attorneys' fees for filing and pursuing this discovery motion; this represents about 10 hours from

the junior partner, and three hours from the senior partner. Pursuant to Fed.R.Civ.P. 37(d)(3), this amount is assessed against both Plaintiff, and Plaintiff's counsel who advised Plaintiff to take the course of action of not appearing for a properly noticed deposition without filing a Motion for Protective Order. The award of sanctions shall be paid by February 2, 2009.

## CONCLUSION

The Defendant's Motion to Dismiss (Clerk's No. 47) is denied. Defendant is entitled to complete its discovery, including the deposition of Anna Bradley and follow-up written discovery that arises from this deposition. Pursuant to Fed.R.Civ.P. 37, the deposition of Anna Bradley is ordered to be completed by February 2, 2009. This Order does not re-open all discovery. However, if after taking Bradley's deposition, Defendant determines that additional discovery is required, it shall file a motion outlining a discovery plan that describes the scope and length of time required to complete additional discovery. This proposed discovery plan shall be filed by February 9, 2009.

The reasonable costs of the Motion, in the amount of $2500, are assessed against Plaintiff and Plaintiff's counsel, and shall be paid by February 2, 2009.

Defendant is granted an extension of time to February 17, 2009, to file a dispositive motion. The Final Pretrial Conference set for 10:30 a.m. on April 7, 2009, and Trial set for April 20, 2009, are continued and will be reset by separate order, once it is determined when the dispositive motion will be fully submitted.

Any Motion to Compel shall be filed by December 30, 2008; counsel shall meet and confer to resolve or narrow any discovery disputes prior to filing the Motion to Compel.

IT IS SO ORDERED.